Michael ASBERRY, Plaintiff—
Appellee,

v.

CITY OF SACRAMENTO/SANITA-
TION DEPARTMENT, Defen-
dant—Appellant.

No. 04–15339.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Nov. 30, 2005.

Jill P. Telfer, Esq., Sacramento, CA, for Plaintiff–Appellee.

Angela M. Casagranda, Esq., Sacramento City Attorney's Office, Sacramento, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, and RYMER and GOULD, Circuit Judges.

MEMORANDUM *

The City of Sacramento appeals the judgment in favor of Michael Asberry following trial to a jury on his claims under the Americans with Disabilities Act and the California Fair Employment Housing Act. We affirm in part, but reverse and remand for retrial.

The City moved for summary judgment under Fed.R.Civ.P. 56(b). The district court issued a written decision, in which (among other things) a narrative of facts was set out in a section captioned "UNDISPUTED FACTS." The order denied the motion except in so far as it pertained to Asberry's retaliation and harassment claims; dismissed those claims for lack of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

jurisdiction except to the extent the retaliation claim was premised on denial of a pay increase; and granted the City's motion on the retaliation claim to the extent it was premised on denial of a pay increase. Neither party moved for partial adjudication under Rule 56(d), or pursuant to Local Rule 56–260(f), for an order specifying facts to be without substantial controversy. Nor did the district court's decision or order indicate that it was based on Rule 56(d).

Albeit after some travail, the parties submitted a joint pretrial statement containing a few stipulated facts and numerous disputed facts. When the district court tentatively indicated that it believed 11 of the "disputed" facts were "undisputed," the City objected. The district court overruled the objection, treating it as a belated attempt to seek reconsideration of the court's findings as to those facts on the City's motion for summary judgment.[1] Accordingly, the Final Pretrial Conference Order included the entire list as "undisputed."

The court instructed the jury after opening statements that "the lawyers got together and agreed that certain facts are undisputed. Nobody disagrees about them." It then read the list of "undisputed facts" that it said the "parties have agreed to." Defense counsel recited the list in closing argument, and responding to a jury note "requesting the stipulations," the court read the list again.

The court also gave a standard "stipulation" instruction because the parties had in fact entered into one stipulation during trial. It told the jury that when the attorneys on both sides stipulate or agree to the existence of a fact, the fact should be regarded as proven.

The City contends that Fed.R.Civ.P. 16 does not authorize a district judge to compel a party to stipulate to facts, or sua sponte to find "undisputed" facts and read them to the jury when the parties have neither stipulated nor agreed to the existence of those facts. We agree. Facts that a district court finds to be undisputed *for purposes of summary judgment* are not undisputed *for all purposes* unless the procedures for summary adjudication of facts in Rule 56(d) are followed. The effect of telling the jury that the parties agreed to these "undisputed" facts, and giving the stipulation instruction which applies when parties *agree* as well as when they *stipulate* to the existence of a fact, was to withdraw those "undisputed" facts from the jury's consideration and to have them taken as proved. The error is not harmless because at least two of the facts—those having to do with lifting capacity and job requirements, and whether Asberry was "terminated" on September 8, 1999—were critical to the defense case. The "undisputed" facts were repeated to the jury three times, and the jury returned its verdict within an hour of the last reading which had been at the jury's request.

Regrettably the matter must be retried. As it must be, we reach two more of the issues raised by the City. First, we see no abuse of discretion in the court's refusal to instruct that the City could rely on medical reports because it did not raise any such defense or ask that the Pretrial Order be amended. Second, the court acted well within its discretion in refusing to allow introduction of Asberry's prior convictions; they could have been discovered earlier, and were more than ten years old. The City's remaining issues (whether the award of emotional distress damages is grossly excessive, and whether the award of attorney's fees is appropriate) are rendered moot by our disposition. Each party shall bear its own costs.

---

1. Asberry does not defend this ruling on appeal.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.